th, 1740-15. Thank you. May I proceed? I want to focus my argument on the REAF issue. In a sense, I feel a sense, a feeling of deja vu. About a year and a half ago, the AUSA, Ms. Schoenberger, myself, argued before a panel of this court in United States v. Lloyd. Judge Carney wrote an authored opinion in that case, and the issue was, in a sense, very similar. The district court had failed to comply with Rule 11. He failed to ensure that the defendant understood the nature of the plea, and he failed to determine whether a factual basis exists. And the court ultimately rejected the defense argument that the plea should be vacated under plain error. The government, I think that's really the argument that they make here. We can't satisfy the plain error requirements. But really, the similarities, although, you know, facially similar, that's where it stops. Because our argument is not so much a Rule 11 argument, but it's the constitutional argument, whether his plea was knowing and intelligent. It's a due process argument. In this case, there was no plea agreement, unlike in the other cases. Roberts. The impression I'm getting from your brief is that you're saying that the defendant must be aware that his status will prohibit him from owning or possessing a firearm. What we have says is he has to be aware of his status. Just the status. The fact that it would prohibit him is not an issue. Notwithstanding the fact that you used in your language in your brief, in your supplemental brief, that the defendant was aware of his status as a prohibited person. No, he has to be aware of his status as a felon. That's correct, right? Well, that's what makes him a prohibited person. I understand that. But he doesn't have to be aware of the fact that he's prohibited. He only has to be aware of the fact that he's a felon. I believe that would be correct. Yes. I just want to be very clear on that. And you are arguing as well that the indictment now is fatally flawed and there was no jurisdiction, right, to proceed with the prosecution, right? I make that argument as well. And isn't that argument, as I think the government points out, that this is very similar to arguments recently raised and briefed in United States v. Keewan-Johnson, No. 18-2033, and also subject to a motion for hearing in United States v. Baldy. So, I mean, to the extent that Rehife is having a big effect and potentially jurisdictional effect on 922 prosecutions, with regard to the knowledge element and the sufficiency of indictments, won't we be governed by the decision in Johnson, potentially? I'm not aware. I'm not. I haven't focused on Johnson, the Johnson issue. But it's from Your Honor's description, yes, that would be, we would be governed. This case would be governed by that. Go ahead. One other thing. Yes. So the statute has different classes of people who are prohibited from owning firearms. Yes. One is an undocumented alien. One is a mentally ill person and so forth. And included in that is a felon. And if Rehife requires knowledge of your status, which is prohibited, it was applied in the context of the immigration laws, that you were unlawfully in this country. It seems to me that that, and at the same time, Rehife decided, I think Justice Breyer wrote the opinion, that he wasn't opining as to the other areas of prohibited classes. That that was, they were going to be, he was confining his decision just to the immigration. Now, obviously, the logic and the reasoning he uses would be, seem to be, make sense in other areas. But it seems to me that when you're talking about someone who's convicted of a prior felony, the knowledge is almost a non-issue because that person was convicted, and particularly if he was sentenced to more than a year, the knowledge would be there unless he just has a horrible memory or has no recognition of that fact. So it's different, it seems to me, in that sense, right? Well, there's, I think, a lot of parts to that question. But in terms of Rehife, I don't think, the way the Court interpreted the statute, I don't think there's any way to interpret the statute to say it's limited only to an immigration status and not some of the other things on the list. I just, nothing would make. The Supreme Court did limit it, right? They said we're not addressing these other statuses. My recollection is what they said in terms of the knowing, we're applying it to the status element. There are other, potentially, for example, that said we're not applying it to the interstate commerce element. But in terms of the status element, I believe they even gave the example that Your Honor just said about somebody who was convicted of a felony who was sentenced to less than a year, and the Court said that would be an example of somebody who was potentially unaware of his status. I noted that the Court said we expressed no view about what precisely the government must prove to establish a defendant's knowledge of status. But it made a very broad statement that the prosecution, the government, under 922G, the government must prove both that the defendant knew he possessed the firearm and that he belonged to the relevant category without any limitation, though, obviously, this came up in the context of immigration. So, I mean, it may be that I read that to mean that knowledge is going to be a status is an element now of the crime, but we might make a different rule or a rule about proof, about presuming knowledge, for example, in the context, in certain context of felony convictions. I don't, I think in terms of proof, I agree with what Judge Walker said. It probably will be in the most cases a very easy element of proof, but it's still an element of proof which under Supreme Court case law will require submission to a jury. It's not something that the judge could say, oh, I instruct you that he was convicted of a felony. Roberts. Well, it does bear on the plain error question, though, I think. I know, but that's why our position is this is not governed by plain error. If we go to Dominiquez Benitez, which is a case that the government relies on, which Dominiquez Benitez, if I'm pronouncing, it's 542 U.S. 83. That's a case the government says that unless you could show that you would not have pled guilty, you would have not pled guilty, otherwise you can't demonstrate plain error. The court there made very clear that there's a number of exceptions to the rule that it was saying. First, it pointed out, it said that in talking about the reasons for its rules, it says these reasons are complemented by the fact, worth repeating, that the violation obtained was of Rule 11, not of due process. Somebody who's misadvised about what the government has to prove in order for him to be guilty, in order for him to waive his right to self-incrimination, that's, this is an issue of due process. That's what Boosley held. And Boosley, the Court said, Petitioner contends that the record reveals that neither he nor his counsel nor the Court correctly understood the essential element of the crime with which he was charged. Were this contention proved, Petitioner's plea would be constitutionally invalid. And in footnote 10. You're drawing a distinction there. But as far as the prejudice, it seems to me that it's very hard for me to see prejudice and see that he wouldn't have pled guilty to the same thing, exactly the same thing here, where it was plain from the record and plain from lots of documents that were So he, he, there's no question about the fact that he knew that he was, he was a convicted prior felon. I, I, most respectfully, Your Honor, I think the record is certainly open to interpretation whether he knew at the time of the offense as to his status. It may be a reasonable, it may. Does that matter at the time of the offense as opposed to the time of the plea? I think of course it matters. If you, the question is, at the time when you're possessing the gun, are you aware of your status? The fact that you may find out two years later that you have it, I, I think, a matter of fact, in, in one of the cases that we cited, it involved a different statute, but it was United States versus, it's an Eighth Circuit case, United States versus Oka Gonzales cited on page 10. That, that involved 1028. The issue was, does the defendant have to be aware that the identity he's using was a, belonged to a real person? In that case, the defendant made clear at the plea, she now knows that, that's an, that, that's required. But she, there was a. Yes, the knowledge has to be at the time of the, of the offense. Right. And. But, but I, I don't understand how it's conceivable that one who has served, has served two years in prison on a three-year sentence is not aware that she was sentenced to a, to, to prison for, for more than a year. The, I, I'm, I, I know it, it's, the, the likely inference is he probably was aware, but as a matter of proof, I don't think, if, if the judge would, based on those facts, tell the jury, I instruct you, this defendant was aware that he was convicted of a felon, this Court would held that the judge directed a verdict for the government. We can't just, we could, and that's what really Dominica Benitez said in footnote 10. There are situations where there may be overwhelming proof of guilt, but there, there has to be a knowing, intentional knowledge that I'm waiving a right. And over here, the judge, when he, when he, when he pled guilty, this is at A, A-14-15, your guilty plea constitutes a waiver of your right against self-incrimination. I want to warn you not to plead guilty unless you are, in fact, guilty of the charges made against you in the indictment to which you're pleading. And they describe those charges, and they left out this element. So that's not a knowing waiver. That plea is not knowing and intelligent, and therefore, plain error is not going to apply, and what, what, what the Supreme Court said in Dominica's, Benitez applies. We do not suggest that such a conviction would be saved even by overwhelming evidence that the defendant would have plead, pled guilty regardless. Okay. We'll hear from the government. This is the court, Karina Schoenberger for the United States. At best, there is a Rule 11 error here in the plea colloquy, and there is an attempt here to avoid the plain error test, but that is the test that applies, and there is no way that Mr. Keith can satisfy the last two prongs of the test. Do you agree, though, that rehaif by its text applies to the felon element of 922G? I do, Your Honor. You do. I believe that the rehaif court. Oh, it's a question of proof that, that, that would differ these cases. Exactly, Your Honor. And the indictment would now, I mean, henceforth, are you making indictments that include the element of knowledge of the prohibited status as well? The indictment here does include a knowledge requirement as to the essential elements of the crime, but yes. But not the status separately, right? So pursuant to DOJ policy, we draft our indictments differently now that the rehaif decision has come out. Yeah. That said, the indictment here does charge a knowing violation of 922G, and Mr. Keith pled guilty to a knowing violation of 922G. It doesn't specify that there is an element. It doesn't specify that the knowledge requirement applies to the status element. It says that he knowingly possessed the firearms in violation of 922G, and the Supreme Court has. You think the point is broad enough to cover that? It imports the knowledge requirement from 924A2, which is also cited in the indictment. But at the time, no one understood it to mean knowing as to status until rehaif. That's absolutely correct, Your Honor. The Supreme Court explained. I mean, the government followed what was the near universal interpretation of 922. You don't disagree, do you, with your adversary's proposition that if there were a trial, the judge would not be permitted to instruct the jury on the facts of our case, would not be permitted to instruct the jury, you must find that he knew of his status as a felon? So rehaif was a jury instructions case. There, the court had instructed the jury that they did not have to find, that the defendant knew that he had a legal status in the United States with respect to immigration, and that's what was challenged. The indictment there wasn't challenged. So I agree with Your Honor that the jury couldn't be instructed in that way. But it is a proof question. To our facts and the issue of plain error. Because there is no way that Mr. Keith did not know at the time he possessed the firearms that he had a felony conviction. It's not a miscarriage. Absolutely, Your Honor. He had been convicted by a guilty plea of a felony drug crime, and he received a sentence of three years. As you pointed out, he had served more than two of that by the time he was paroled. But isn't this kind of fundamental? I mean, rehaif, much as we might be surprised by its import, suggests that this is an prosecution didn't happen in that context. And I thank you for drawing our attention to the other case that is currently before another panel that was submitted just recently, I guess. And I haven't looked at that closely, but that's United States v. Keewan Johnson. What questions are getting presented there? It's almost the exact same subject matter jurisdiction question that's presented here. He served more than a year in that case? In the Johnson case? Yes. No. He served less? I believe that he received a sentence of one year exactly in Johnson. But he was a felon. But he was a felon. He received a sentence, but he served less. So he received a sentence. Just to clarify, I believe that the facts in Johnson are that he received a sentence of one year, not a sentence exceeding one year. So it's somewhat different on the facts from this case where the sentence received is well in excess of a year, which would bring him into the qualifying category. Right. Yeah. So his status as a felon would be clear to him as a result of, in this case, because of serving a sentence of excess of two years. That's right. But that might not be true in the other case. It might not be true. I actually briefed the other case as well. And there is evidence in the record that he knew and that he knew at the time that he was a qualifying felon. And, in fact, even further in that case, that he understood that because of that felony, he couldn't possess firearms. That's not something the government has to prove, but it is a helpful fact. But it was not included in the indictment. I'm sorry. It was not in the indictment as a separate knowing. No. The indictment was drafted very similarly to the indictment here. And I would point out that the indictment in this case, meaning in Keith, was very similar to the indictment in Ray Haif. Yeah. So it says in the brief, your brief with me, that he was served a time-served sentence. And the 2015 conviction for third-degree attempted criminal sale for which he was sentenced to one year of incarceration. That's right. Okay. And that was the felony predicate. Correct, Your Honor. Right, right. Whether or not there's a defect in the indictment here, it's not a jurisdictional defect, and that's the important distinction to make. Because then we get into plain error. Conceivably, there would be a waiver argument, but the government's not pursuing that argument here, given the challenge to the plea procedures that were used. Well, indictments characteristically charge the language of the statute. Plainly track the language of the statute. And don't characteristically spell out all of the elements. And this indictment did charge the language of the statute. Yes, it did. And it charged an offense against the laws of the United States falling squarely within the jurisdiction of a Federal district court. There's nothing wrong with the indictment. Not as far as conferring subject matter jurisdiction on a Federal district court. But the subject matter. Nothing wrong at all. In the future, you could indict the same way. I believe that we could. The practice has changed to make it pellucidly clear what the government has to prove. But under Ray Haif, it would be proper to charge this crime by saying that the defendant, at a specific time, in a specific place, having had a prior felony conviction, possessed a firearm, knowingly in violation or in knowing violation of 922G. The essential component here is to say that it was a knowing violation of 922G. And, again, the Ray Haif court explained what the government has to prove to show that it was a knowing violation. But certainly the indictment here is charging a knowing violation of the law. To come back for a minute just to Johnson, so the jurisdictional question is raised there. The argument is made that the indictment was insufficient. That's correct. Correct? So that will be addressed by the panel that heard that. I can only assume, Your Honor, yes. Jurisdiction usually. Yes, and that went in on submission. There was not oral argument with respect to that. I believe, I'm not sure whether there was argument with respect to the case coming out of the SDNY on the petition of rehearing. Yes. Okay. Because the plain error test applies here, and there hasn't even been an attempt to say that Mr. Keith would not have pled guilty if he had had a more direct understanding that the government would have to prove that he knew at the time of his status, then the challenge to the conviction fails. Briefly, I will also address the challenge to the sentencing here. Mr. Keith challenges the application of the sentencing enhancement under 2K2.1, subsection B6b. His argument is essentially foreclosed by this Court's recent decision in Ryan, where it determined that the simultaneous sale of a gun and drugs, which is what happened here, allows for the application of this enhancement. The drug sale, the gun sale, they facilitated one another, and so under the first clause clearly of subsection B6b, the district court was entitled to impose the enhancement. Arguably could have also relied on the second clause based on the facts of the case, but he really only needed one to affirm. Unless there's additional questions, the government would ask for an affirmance. Thank you. Mr. Urowitz, you have two minutes of rebuttal. Going to the sufficiency of the indictment here, this indictment would no longer be valid under rehab. The government kind of changed its formulation when it was saying, this indictment says, having been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed in an effect in commerce a firearm. The knowingly is clearly modifying his possession of a firearm, not the fact that he had been convicted of a crime. Would the government? Would it follow with the statute? Knowingly possessed a firearm? I'd have to look at it. It concludes in violation of 18 U.S.C. 922 G1 and 924 A2. Ms. Schoenberger, when she said it, she said, had it said knowingly violated section 922 G1 and A2, that would probably be sufficient because you were saying that the knowingly element applies to everything in the statute. But certainly the way this indictment is written, and I believe my recollection is this indictment was almost identical to the indictment in rehab, in terms of I was. I'm not sure I understand the distinction you're drawing. I mean, you're parsing the indictment kind of finely. It's talking about knowingly violating a statute. Most respectfully, Your Honor, if you look to the elements of when the government in the record at the plea, when they list what the elements are, they make it very clear that the knowing element applies to his possession of a firearm, nothing to do with his knowledge of the status. Sure. That was the law. That was the situation. I know. And that's why. The indictment is not the same thing. I know. But the reason why they put knowingly where they did in regard to possession of a firearm and not with respect to the status is because they weren't intent pending to say that there was an allegation that they knew of the status. And part of the confusion is generated by the fact that it's both 924 and 922. It's separated. The status list is separated from the possession. Right. Yeah. Just one point on Johnson. I take back what I said before. I am aware of the brief in Johnson. It did raise the jurisdiction issue. I don't believe it addressed the issue that I'm raising as to whether plain error should apply based on the constitutional due process violation. That was my recollection. The other case, the petition for re-hearing, I didn't look at. But in general, petitions for re-hearing before this Court don't get the same review that other cases. So I don't know that. All right. Thank you very much for your arguments. We'll take the matter on submission.